UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JAMES G. RUSSELL,

                Plaintiff,

-against-

**ORDER**
10-CV-1130 (SJF)(GRB)

JOHN E. POTTER, POSTMASTER
GENERAL, U.S. POSTAL SERVICE,

                Defendant.
----------------------------------------------------------X

FEUERSTEIN, J.

On March 12, 2010, pro se plaintiff James G. Russell ("plaintiff") commenced this action, alleging violations of Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. § 2000e et seq. ("Title VII"), the Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. § 621 et seq. (the "ADEA"), and the Americans with Disabilities Act of 1990, as codified, 42 U.S.C. § 12112 et seq. (the "ADA"). [Docket Entry No. 1].

Presently before the Court is the motion for summary judgment filed by defendant John E. Potter, Postmaster General of the United States Postal Service ("defendant"), which plaintiff has not opposed. [Docket Entry No. 19]. For the reasons that follow, defendant's motion is granted.

1

I.  Background.

Plaintiff, who was born in 1948, was formerly employed as a letter carrier at the U.S. Post Office in Brentwood, New York. Defendant's Statement Pursuant to Local Rule 56.1 ("Def. 56.1 Stat.") [Docket Entry No. 22] at ¶ 3.

Plaintiff alleges that he suffers from a "military connected" disability that has "physically slowed" him in recent years. Complaint ("Compl.") [Docket Entry No. 1] at 3-4. Plaintiff has claimed that, on August 15, 2008, he was summoned for a "pre-disciplinary interview" ("PDI")[1] with his supervisor because he had taken longer than expected to complete his mail route on August 12, 2008. See Compl. at 4; Def. 56.1 Stat. at ¶ 4; Defendant's Exhibit B ("Def. Ex. B") [Docket Entry No. 22-2]. According to plaintiff, the postmaster at his facility subsequently denied to the shop steward and union representative that any PDI was conducted. Def. Ex. B; Compl. at 4. Plaintiff documented these events in an "Information for Pre-Complaint Counseling" form. Def. Ex. B. There was no disciplinary or other adverse action taken against plaintiff after the August 15, 2008 PDI. Def. 56.1 Stat. at ¶ 7.[2]

In a second "Information for Pre-Complaint Counseling" form, dated November 23, 2008, plaintiff alleged that he had met with his supervisor for a second PDI on November 11, 2008, to address the fact that plaintiff had again taken longer than expected to complete his mail

---

[1] A PDI, which is typically conducted by an employee's immediate supervisor, provides a postal employee with an opportunity to dispute or respond to a proposed disciplinary action. A postal employee is entitled to be represented by a union official at the PDI. Def. 56.1 Stat. at ¶ 6.

[2] As plaintiff has failed to dispute any of the facts set forth in defendant's Rule 56.1 statement, those facts are "deemed admitted." Giannullo v. City of N.Y., 322 F.3d 139, 140 (2d Cir. 2003).

2

route. Defendant's Exhibit D ("Def. Ex. D") [Docket Entry No. 22-4]; Def. 56.1 Stat. at ¶ 8. According to plaintiff, he explained to the supervisor that his "disability" had caused him to take longer than expected to complete his route. Def. Ex. D. Plaintiff claimed that, on November 14, 2008, at the direction of the postmaster, his supervisor advised him to "leave" if he was unable to do his job. Def. Ex. D; Def. 56.1 Stat. at ¶ 8. There was no disciplinary or other adverse action taken against plaintiff after the November 11, 2008 PDI. Def. 56.1 Stat. at ¶ 9.

In an EEO Complaint dated February 5, 2009, plaintiff alleged discrimination on the basis of his age and disability, as well as retaliation. Id. at ¶ 10; Defendant's Exhibit E ("Def. Ex. E") [Docket Entry No. 22-5]. Plaintiff did not allege in the EEO complaint that he had suffered any adverse employment action. Def. 56.1 Stat. at ¶ 11; see Def. Ex. E. In a decision dated February 25, 2009, plaintiff's EEO complaint was dismissed for failure to state a claim. Def. 56.1 Stat. at ¶ 12; Defendant's Exhibit F [Docket Entry No. 22-6]. In a decision dated June 5, 2009, the Equal Employment Opportunity Commission affirmed the dismissal of plaintiff's complaint. Id. at ¶ 13; Defendant's Exhibit G ("Def. Ex. G") [Docket Entry No. 22-7]. That decision stated, in part: "You have the right to file a civil action in an appropriate United States District Court within **ninety (90) calendar days** from the date that you receive this decision." Def. Ex. G (emphasis in original).

II. Discussion.

A. Summary Judgment Standard.

"Summary judgment must be granted where the pleadings, the discovery and disclosure

3

materials on file, and any affidavits show 'that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Brown v. Eli Lilly & Co., 654 F.3d 347, 358 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)). "In ruling on a summary judgment motion, the district court must resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment and determine whether there is a genuine dispute as to a material fact, raising an issue for trial." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 202 (2d Cir. 2007) (internal quotations and citations omitted).

An issue of fact is genuine only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L. Ed. 2d 202 (1986). The moving party bears the initial burden of establishing the absence of any genuine issue of material fact, after which the burden shifts to the nonmoving party to establish the existence of a factual question that must be resolved at trial. See Koch v. Town of Brattleboro, Vermont, 287 F.3d 162, 165 (2d Cir. 2002) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).

"In order to defeat a motion for summary judgment supported by proof of facts that would entitle the movant to judgment as a matter of law, the nonmoving party is required . . . to set forth specific facts showing that there is a genuine issue of material fact to be tried. . . . If the nonmoving party does not so respond, summary judgment will be entered against him." Ying Jing Gan v. City of New York, 996 F.2d 522, 532 (2d Cir. 1993) (citations omitted). The nonmoving party "may not rely simply on conclusory statements or on contentions that the affidavits supporting the motion are not credible . . . , or upon the mere allegations or denials of the [nonmoving] party's pleading." Id. (internal quotation marks and citations omitted).

4

"[E]ven when a nonmoving party chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden . . . ." Amaker v. Foley, 274 F.3d 677, 681 (2d Cir. 2001).

B.  Timeliness of Complaint.

As an initial matter, plaintiff's claims must be dismissed as untimely. Plaintiff was required to file his complaint within ninety (90) days of receiving the EEOC's June 5, 2009 decision. See, e.g, Smith v. City of N.Y. Dept. of Corrections, No. 09 Civ. 7639, 2010 WL 5298013, at *2 (S.D.N.Y. Dec. 21, 2010) ("Actions for violations of Title VII, the ADEA, and the ADA must be filed within ninety days of receipt of a right-to-sue letter from the EEOC.") (citing 42 U.S.C. § 2000e-5(f)(1); 29 U.S.C. § 626; 42 U.S.C. § 12117(a)); Hall v. Potter, No. 06-CV-5003, 2009 WL 577753, at *5 (E.D.N.Y. Mar. 4, 2009) ("If the claimant does appeal to the EEOC, he then has ninety days after the receipt of the EEOC's final decision to file a civil action."). "[N]ormally it may be assumed, in the absence of challenge, that a notice provided by a government agency has been mailed on the date shown on the notice." Sherlock v. Montefiore Med. Ctr., 84 F.3d 522, 526 (2d Cir. 1996) (citation omitted). The Court will also presume that plaintiff received the EEOC's decision within five (5) calendar days of mailing (i.e., by June 10, 2009), as stated in the EEOC's appeal decision. Def. Ex. G at 4.[3] Plaintiff has presented no

---

[3] The five (5)-day presumption is generous, as courts generally presume "that an EEOC notice is received three days after its mailing." Becton v. Cabs Home Attendant Svcs., Inc., No. 07-CV-00678, 2008 WL 850453, at *2 (E.D.N.Y. Mar. 28, 2008) (citing Sherlock, 84 F.3d at 525).

sworn testimony or other admissible evidence to rebut these presumptions, see Sherlock, 84 F.3d at 526; rather, he simply notes in his complaint that he received the right to sue letter on "1-22-10." Compl. at 5.

Plaintiff was required to have commenced the instant action no later than September 8, 2009. Nevertheless, his complaint, filed on March 12, 2010, was over six (6) months late. Plaintiff has submitted no evidence indicating that he received the right to sue letter after June 10, 2009, and the Court is aware of no basis for tolling plaintiff's deadline. Accordingly, the complaint must be dismissed as untimely.

C.  Plaintiff's Allegations of Discrimination.

Furthermore, plaintiff's complaint fails to set forth a prima facie case of discrimination under Title VII, the ADEA, or the ADA.

To establish a prima facie case of discrimination under Title VII, the ADEA, or ADA, plaintiff must demonstrate, inter alia, that he was subjected to an "adverse employment action." See, e.g., Gorzynski v. JetBlue Airways Corp., 596 F.3d 93, 107 (2d Cir. 2010); Leibowitz v. Cornell Univ., 584 F.3d 487, 498 (2d Cir. 2009); Brady v. Wal-Mart Stores, Inc., 531 F.3d 127, 134 (2d Cir. 2008). An "adverse employment action" is "a materially adverse change in the terms and conditions of employment." Sanders v. N.Y. City Human Res. Admin., 361 F.3d 749, 755 (2d Cir. 2004) (internal quotation marks omitted). "Employment actions that have been deemed sufficiently disadvantageous to constitute an adverse employment action include a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities,

6

or other indices . . . unique to a particular situation." Williams v. R.H. Donnelley Corp., 368 F.3d 123, 128 (2d Cir. 2004) (internal quotation marks and citation omitted).

Although plaintiff alleges that he was given two (2) pre-disciplinary interviews, the PDIs themselves do not qualify as adverse employment actions, and he does not allege any adverse employment action taken before, during, or after the PDIs. See, e.g., Armstrong v. Potter, No. 08-CV-1615, 2010 WL 2584885, at *9 (D. Conn. June 21, 2010) ("a pre-disciplinary interview itself is not an adverse employment action"); Franklin v. Potter, 600 F.Supp.2d 38, 69 (D.D.C. 2009); McDaniel v. Potter, Nos. 06-CV-0803 & 06-CV-1371, 2007 WL 3165807, at *8-9 (N.D. Ohio Oct. 26, 2007); see also Morrison v. Potter, 363 F.Supp.2d 586, 591 (S.D.N.Y. 2005) ("being called into a supervisor's office to discuss work issues" does not rise to level of adverse employment action). For this reason, as well, dismissal of the complaint is warranted.[4]

III. Conclusion

For the foregoing reasons, defendant's motion for summary judgment is granted. In accordance with Federal Rule of Civil Procedure 77, the Clerk of Court shall mail copies of this order to all parties, including to the pro se plaintiff at his last known address.

The Clerk of Court is directed to close this case.

---

[4] In his complaint, plaintiff used a check mark to indicate that he is complaining of "retaliation." Any claim of retaliation fails because the complaint contains no allegations whatsoever to support such a claim.

**SO ORDERED.**

                                      s/ Sandra J. Feuerstein

                                      Sandra J. Feuerstein
                                      United States District Judge

Dated:       March 7, 2012
             Central Islip, New York